

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP...

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| LABORERS' HEALTH AND WELFARE FUND FOR SOUTHERN CALIFORNIA, *et al.* <br><br> Plaintiffs <br><br> v. <br><br> W.A. RASIC CONSTRUCTION COMPANY, INC., *etc.* <br><br> Defendant. <br><br> AND RELATED CROSS-ACTION. | CV 93-6348 TJH (SHx) <br><br> **Findings of Fact** <br><br> **and** <br><br> **Conclusions of Law** <br><br> **Upon Remand** <br> ✓ DOCKETED <br> ..... ✓ LD COPY PTYS <br> ✓ LD NOTICE PTYS <br> ..... JS-6 |

After conducting a court trial, this Court issued findings of fact and conclusions of law on May 15, 1996. W.A. Rasic Construction Company, Inc. ("Rasic Construction"), thereafter, appealed to the Court of Appeals for the Ninth Circuit. On May 21, 1998, the Court of Appeals reversed and remanded with instructions to consider equitable factors to determine whether Rasic Construction

1  is entitled to a refund of payments made on behalf of Walter A. Rasic to the
2  Construction Laborers' Pension Trust for Southern California ("Pension Trust"),
3  Laborers' Training and Re-training Trust for Southern California ("Training
4  Trust"), and Fund for Construction Industry Advancement ("FCIA"), (collectively
5  "Trust Funds"). *Laborers' Health and Welfare Fund for So. Cal. v. W.A. Rasic
6  Construction Co.*, 145 F.3d 1338 (Table), 1998 WL 279400 at *2 (9th Cir. May 21,
7  1998).

8  The Ninth Circuit indicated that it would be inequitable for any of the Trust
9  Funds which have neither paid benefits, nor risk paying any benefits, to keep the
10 mistakenly made contributions merely because other Trust Funds paid out benefits.
11 In addition, the Ninth Circuit indicated that, when balancing the equities, this Court
12 should consider any financial impact a refund would have on the Trust Funds, a
13 refund's effect on beneficiaries of the Trust Funds, and Rasic Construction's delay
14 in seeking a refund.

15 On February 22, 1999, the Court held a supplemental court trial on the
16 balancing of the equities. Having considered the evidence and arguments by the
17 parties, the matter having been submitted for a decision, the Court makes the
18 following supplemental findings of fact and conclusions of law upon remand:

### FINDINGS OF FACT

21 1. Rasic Construction mistakenly paid $65,107.50 to the Trust Funds on
22 behalf of W.A. Rasic. Of this amount, the Pension Trust received $62,252.95, the
23 Training Fund received $2,373.27, and the FCIA received $481.28.

24 2. W.A. Rasic received benefits from the mistaken contributions made to
25 the Training Trust because it provided him the opportunity to improve and upgrade
26 his skills.

3. W.A. Rasic received benefits from the mistaken contributions made to the FCIA because it promoted the interests of the construction industry, of which W.A. Rasic is a member.

4. W.A. Rasic has not, and will not, receive benefits from the mistaken contributions made to the Pension Trust.

5. The financial stability of the Pension Trust will not be affected if it refunds Rasic Construction's mistaken contributions.

6. A refund of the mistaken contributions to the Pension Trust will not have a negative impact on the Pension Trust's other beneficiaries.

7. Rasic Construction did not delay in seeking a refund of the mistaken contributions.

8. The equities tip in favor of Rasic Construction as to the contributions made to the Pension Trust. Therefore, Rasic Construction is entitled to a refund from the Pension Trust.

9. The equities tip in favor of the Trust Funds as to the contributions made to the Training Fund and the FCIA. Therefore, Rasic Construction is not entitled to a refund from the Training Fund and the FCIA.

**CONCLUSIONS OF LAW**

1. A mistake in payments will result in a refund only if the equities favor restitution. *British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371, 374 (9th Cir. 1989).

2. In balancing the equities, the Court should consider the refund's financial impact on the Trust Funds, the effect on beneficiaries of the Trust Funds, and Rasic Construction's delay in seeking a refund. *Laborers' Health and Welfare Fund for So. Cal. v. W.A. Rasic Construction Co.*, 145 F.3d 1338 (Table), 1998

1  WL 279400 at *2 (9th Cir. May 21, 1998).

2      3.   The above Conclusions of Law, insofar as they may be considered Findings of Fact, are so found by this Court to be true in all respects.

Date: April 21, 1999

                                              /s/ Terry J. Hatter, Jr.
                                              Terry J. Hatter, Jr.
                                          Chief United States District Judge